Bethel L. Couch v. Commissioner. F. W. Couch v. Commissioner.
Couch v. Commissioner
Docket Nos. 22374, 23975.
United States Tax Court
1951 Tax Ct. Memo LEXIS 315; 10 T.C.M. (CCH) 180; T.C.M. (RIA) 51054; February 28, 1951
*315 J. R. Black, Jr., Esq., 516 Alexander Bldg., Abilene, Tex., for the petitioners. J. Marvin Kelley, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: In these consolidated proceedings respondent determined income tax deficiencies against the petitioners for the calendar year 1945 as follows: Bethel L. Couch, $2,497.21, and F. W. Couch, $2,425.09. The sole question for determination is whether respondent erred in refusing to subtract from gross receipts, as cost of goods sold, the excess over the O.P.A. prices paid by petitioners for the automobiles which they sold in their business. All of the facts were stipulated and are so found. [The Facts] Petitioners are residents of Abilene, Texas, and each filed a separate income tax return for the calendar year 1945 with the collector of internal revenue for the second district of Texas. During the calendar year 1945, petitioners were engaged in the business of buying and selling new and used automobiles. In the purchase of the automobiles for resale to their customers in 1945, petitioners paid prices for some of such automobiles in excess of the ceiling prices then established by the Office *316 of Price Administration. The aggregate sum so paid by them in excess of O.P.A. prices in 1945 amounted to $12,862.20, which amount was included as part of the cost of the automobiles by petitioners in computing their taxable income. Respondent determined that all sums paid by petitioners in excess of ceiling prices established by the Office of Price Administration were "black market" transactions and were "not allowable either as a part of the cost of goods sold or as a business expense deduction in computing income subject to Federal income taxation", and excluded same in his computation of the taxes due. [Opinion] We have here the identical question passed upon adversely to respondent's contention in . We adhere to our holding in that case and accordingly hold that all sums paid by petitioners in excess of O.P.A. ceiling prices shall be included in determining the cost of goods sold in the computation of their taxable income, and respondent's adverse determination is reversed. At the hearing petitioners conceded the correctness of other adjustments in respondent's deficiency notice. Decisions will be entered under Rule 50.